UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GABRIEL GONZALEZ                                                                              PETITIONER

V.                                     2:18-CV-00175-DPM-JTR

GENE BEASLEY, Warden,
FCI – Forrest City                                                                             RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Gabriel Gonzalez ("Gonzalez"), who is currently incarcerated in the Federal Correctional Institution located in Forrest City, Arkansas. *Doc. 1*. This is the second § 2241 habeas Petition he has filed in the Eastern District of Arkansas. *See Gonzalez v. Beasley*, No. 2:17-CV-129-DPM, 2017 WL 4799794 (E.D. Ark. Oct. 24, 2017), affirmed, No. 17-3632, 2018 WL 2717790 (8th Cir. Apr.

1

26, 2018) (unpublished). Before addressing Gonzalez's habeas claims, the Court will briefly review the facts surrounding his conviction and sentence in United States District Court for the Central District of California and his collateral attacks on that conviction in the Eastern District of Arkansas.

On February 27, 2006, a federal jury convicted Gonzalez of depriving three women of their right to bodily integrity, in violation of 18 U.S.C. § 242.[1] *United States v. Gonzalez*, No. 02:04-CR-01189-CAS (C.D. Cal.), *at doc. 100*. On August 3, 2006, Gonzalez was sentenced to 360 months of imprisonment. *Id. at doc. 117*.

Gonzalez appealed to the Court of Appeals for the Ninth Circuit. On July 18, 2008, it affirmed Gonzalez's convictions and sentence. *United States v. Gonzalez*, 533 F.3d 1057 (9th Cir. 2008).

On November 16, 2009, Gonzalez filed a § 2255 motion to vacate his sentence on the grounds that: (1) his attorney provided ineffective assistance; and (2) the government engaged in discovery violations that deprived him of a fair trial. *Gonzalez*, No. 02:04-CR-01189-CAS (C.D. Cal.), *at doc. 140*.

On August 21, 2010, the trial court denied Gonzalez's motion and later denied a certificate of appealability. *Id. at docs. 171 and 185*. On December 17, 2010, Gonzalez filed a notice of appeal, along with an application for certificate of

---

[1] Gonzalez was convicted of raping one woman and sexually assaulting two others while acting under the color of law as a Los Angeles police officer. The facts supporting his conviction are set out in *Gonzalez*, No. 2:17-CV-00129-DPM-JJV, 2017 WL 4800732, at *1.

2

appealability. *Id. at docs. 183 and 184*. On June 15, 2012, the Ninth Circuit denied Gonzalez's request for a certificate of appealability. *Id. at doc. 187*.

Almost seven years later, on August 7, 2017, Gonzalez filed a § 2241 habeas Petition in the Eastern District of Arkansas. *Gonzalez*, No. 2:17-CV-00129-DPM-JJV, *at doc. 1*. He alleged that the government failed to prove an essential element of the charged crime and his remedy to correct that error under § 2255 was "inadequate and ineffective." *Id*.

On October 24, 2017, United States District Judge D. P. Marshall, Jr. entered an Order dismissing Gonzalez's § 2241 habeas Petition because it challenged his conviction or sentence and the savings clause in § 2255(e) did not apply, which meant the Court lacked subject matter jurisdiction over the case. *Id. at doc. 13*. Gonzalez filed a notice of appeal, along with an application for a certificate of appealability with the Court of Appeals for the Eighth Circuit. *Id. at doc. 18-20*.

On February 15, 2018, while that appeal was still pending, Gonzalez filed a petition for leave to file a Rule 60(b) Motion for Relief from Judgment in the Central District of California. In that Motion, he made the same claim that he asserted in his § 2241 habeas Petition: the government had failed to prove an essential element of the crime for which he was convicted under 18 U.S.C. § 242. *Gonzalez*, No. 02:04-CR-01189-CAS, 2018 WL 4216686, at *1-2 (C.D. Cal. Sept. 5, 2018).

On April 26, 2018, the Eighth Circuit denied Gonzalez's application for a certificate of appealability and summarily affirmed the dismissal of his § 2241 habeas Petition. *Gonzalez*, No. 2:17-CV-00129-DPM-JJV, at *docs. 27 and 28; see also Gonzalez*, No. 17-3632, 2018 WL 2717790 (unpublished).

On September 5, 2018, the sentencing court denied Gonzalez's request to file a Rule 60(b) motion. It properly characterized that filing as a second or successive § 2255 motion, which Gonzalez could only file after the Ninth Circuit granted him permission to pursue such extraordinary relief. *Gonzalez*, No. 02:04-CR-01189-CAS, 2018 WL 4216686, at *2.[2]

On December 10, 2018, Gonzalez filed this § 2241 habeas Petition, in which he once again attacks the alleged unconstitutionality of his conviction under 18 U.S.C. § 242. According to Gonzalez's interpretation of that statute, it can only be

---

[2] In a footnote, the sentencing court also made it clear that Gonzalez's interpretation of 18 U.S.C. § 242 was erroneous:

> Gonzalez's contention is based on a misreading of the statute. Gonzalez reads 18 U.S.C. § 242 as requiring the crime to be committed "on account of such person being an alien, or by reason of his color, or race" . . . Section 242, however, is a disjunctive statute that provides two elements of a crime separated by the word "or." . . . In other words, a person acting under color of law violates section 242 by *either* subjecting any person "to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," *or* by subjecting any person "to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race[.]"

*Id.* at fn. 1 (citations omitted) (emphasis added).

4

constitutionally applied to "victims" whose "race, color, or alienage" had some nexus to the sexual assault. *Doc. 1 at 3*; *Doc. 2 at 4-5*. Because no such nexus existed between his "victims" and his sexual assaults against them, he argues his conviction of violating 18 U.S.C. § 242 was unconstitutional. *Doc. 2*. Finally, as he did in his first § 2241 habeas Petition, Gonzalez makes the conclusory assertion that his remedy under § 2255 is "inadequate and ineffective" because it "does not accommodate nor provide for an examination of statutory constructive matters concerning substantive law[.]" *Doc. 1-1 at 3*.

## II. Discussion

District courts are required to conduct an initial review of § 2241 habeas Petitions to determine "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243. As part of this initial review, courts must also evaluate whether they have subject matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"). Jurisdiction over a prisoner's § 2241 habeas Petition turns on whether his claims represent challenges to the *validity* of his federal conviction or sentence or challenges to the *execution* of

his federal sentence. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002).

Gonzalez cites no applicable legal authority to support his convoluted argument that, *this time*, his challenge to the constitutionality of 18 U.S.C. § 242 represents a challenge to the *execution* of his sentence, rather than its *validity*. *Doc. 1-1 at 2*. As explained below, Gonzalez's argument is nothing more than sophistry designed to obfuscate yet another "second or successive" § 2255 motion challenging the validity of his conviction and sentence.

Gonzalez's § 2241 habeas Petition is devoted almost entirely to arguing that his *conviction* is based on an unconstitutional interpretation of 18 U.S.C. § 242. *Docs. 2 and 3*. To create the illusion that he is challenging the *execution* of his sentence, he claims that the BOP (in carrying out its *nondiscretionary function* of incarcerating him) is implementing an unconstitutional sentence under 18 U.S.C. § 242.[3] *Doc. 2 at 38*. As Judge Marshall succinctly put it in dismissing Gonzalez's first § 2241 habeas Petition: "Gonzalez can't get the relief he seeks without changes to his underlying conviction or sentence." *See Gonzalez*, No. 2:17-CV-129-DPM, 2017

---

[3] Gonzalez argues that his conviction, for violating 18 U.S.C. § 242, has led the BOP to take adverse actions against him which have included altering his classification status and custody assignment, and requiring him to participate in a rehabilitation program. *Doc. 2 at 38*. Based on the nature of his conviction for committing sex crimes, the BOP was *required* to take those actions, based on the sentencing court's Judgment and Commitment Order. Thus, what Gonzalez is actually challenging is the validity of his conviction and sentence, *not* the BOP's alleged "unconstitutional" execution of that sentence.

WL 4799794, at *1. Of course, only the *sentencing court* can make those "changes," *after* Gonzalez has successfully challenged the constitutionality of his conviction under § 2255.

Because a § 2255 motion, attacking the *validity* of a prisoner's conviction or sentence is "a further step in the movant's criminal case," it must be filed with the court in which the defendant was convicted and sentenced. *DeSimone*, 805 F.2d at 323; *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). Section 2255(e) creates a narrow exception to this general rule by authorizing a court, in the district of incarceration, to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence, but, *only if*, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

According to Gonzalez, § 2255 is "inadequate or ineffective" because it "does not accommodate nor provide for an examination of statutory constructive matters concerning substantive law such as those affecting legislative legal rule, interpretive legal rule or substantive legal rule . . . ." *Doc. 1-1 at 3*. This argument is flatly wrong under well established and controlling case law. As Judge Marshall explained, in denying Gonzalez's first § 2241 habeas Petition, the very purpose of § 2255 is "to

[allow a prisoner to seek] relief from a sentence imposed in violation of the Constitution or laws of the United States." *See Gonzalez*, No. 2:17-CV-00129-DPM-JJV, 2017 WL 4800732, at *4 (citation omitted).[4]

Unquestionably, Gonzalez had *numerous opportunities* to challenge whether his conviction under 18 U.S.C. § 242 was unconstitutional or otherwise contrary to federal law. He failed to take advantage of those opportunities by raising that issue during his trial in the United States District Court of Central California; on direct appeal to the Ninth Circuit; and in the § 2255 motion to vacate he filed with the trial court. His failure to do so, however, does *not* render his § 2255 remedy "inadequate or ineffective." *See Lopez-Lopez*, 590 F.3d at 907 (The "savings clause" in § 2255(e) *cannot* be invoked where a prisoner is attempting to use a § 2241 habeas action to raise an issue that he *could have raised* in the direct appeal of his conviction or sentence, or in a § 2255 motion filed with the district court in which he was convicted

---

[4] Gonzalez erroneously believes that *U.S. v. Morrison*, 529 U.S. 598 (2000), supports his argument. In *Morrison*, the Court held that neither the Commerce Clause nor § 5 of the Fourteenth Amendment authorized Congress to enact 42 U.S.C. § 13981 (which provided a federal civil remedy for gender motivated violence) because it sought to punish *private conduct* rather than *state action*. *Id.* at 621-626. This decision has *no application* in this case because Gonzalez's conviction is based on crimes he committed *while acting under the color of law* as a Los Angeles police officer.
    Finally, *Morrison* was decided in 2000, well *before* Gonzalez's criminal prosecution and conviction. Thus, although this argument is legally flawed, it could have been raised by Gonzalez at every stage of his criminal case, and in the initial § 2255 Motion he filed with the sentencing court.

and sentenced.); *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

### III. Conclusion

Gonzalez's § 2241 habeas Petition directly challenges the validity of his conviction and sentence in the United States District Court for the Central District of California. Because the savings clause in § 2255(e) does not apply, this Court lacks subject matter jurisdiction over this action.

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus (*Doc. 1*) be DISMISSED, without prejudice.

Dated this 25th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE